# IN THE COURT OF APPEALS OF IOWA

No. 23-0514
Filed August 30, 2023

**IN THE INTEREST OF A.M.,**
**Minor Child,**

**F.M., Mother,**
    Appellant.
_____


Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.


A mother appeals the termination of her parental rights.  **AFFIRMED.**


Teresa M. Pope of Pope Law, PLLC, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mary A. Triick (until withdrawal) and Mackenzie Moran, Assistant Attorneys General, for appellee State.

Jami Hagemeier of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.


Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights to the child, A.M., pursuant to Iowa Code section 232.116(1)(h) and (*l*) (2022).[1] She challenges the existence of grounds for termination and contends termination is not in the child's best interests.[2] In the alternative, the mother asserts the court should have granted her a six-month extension or placed the child in a guardianship with the maternal grandmother, as either would avoid termination. We affirm.

A.M. was born in May 2021 with an umbilical cord that tested positive for cocaine and THC. The mother has a long history of substance abuse beginning when she was fifteen years old.[3] She has endured trauma and has a number of psychiatric diagnoses. The child was removed from the mother's custody by ex parte order in June because the mother was not addressing her substance-abuse and mental-health issues, she was struggling to care for the child, and there were reports of physical violence in the home. The child has never returned to the mother's custody. On July 8, the child was adjudicated a CINA. The mother has been offered numerous services; her engagement in those services has been inconsistent at best. The mother has been fairly consistent visiting with the child,

---

[1] "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We elect to address paragraph section 232.116(1)(h), which authorizes termination where a child three years of age or younger has been adjudicated a child in need of assistance (CINA), has been out of parental custody "for at least six months of the last twelve months," and cannot be returned to the parent without risk of adjudicatory harm.

[2] The father's paternity was not established until October 2022. His rights were also terminated, and he does not appeal.

[3] The mother was twenty-nine years of age when the termination hearing began.

but visits remain fully supervised due to the mother's failure to participate in drug testing and admitted continuing usage.

In the midst of the hearing on termination of the mother's parental rights—which spanned four court sessions on August 29, September 30, November 28, and December 9, 2022—the mother provided a sweat patch that tested positive for methamphetamine. At the December hearing, the mother testified she ceased attending substance-abuse treatment and mental-health counseling in August or September, believing her participation in medication management appointments with her psychiatrist was enough.

The juvenile court provided an extensive and detailed ruling outlining the factual background of CINA and termination-of-parental-rights proceedings. The court summarized,

> Due to her lack of engagement, the mother was taken off reoccurring appointments and was discharged from mental health services on December 16, 2022. She has not engaged in any substance dependency treatment since August 18, 2022. She had scheduled a session on November 9, 2022, but she was a no call/no show. Just a few days before the termination hearing, the mother attended the Des Moines University Clinic on November 22, 2022, for depression and discussed the following diagnoses: posttraumatic stress disorder, moderate recurrent major depression, stimulant dependence, mood disorder and long-term drug therapy. In addition to depression and stress disorder, the mother['s] cannabis dependence and stimulant dependence status was "active". The mother continues to be in denial about her substance dependency and was not accepting of her September 2022 drug screen patch that reflected use of THC and methamphetamine. The mother's mental health has continued to be dysregulated. Just days before the hearing, the mother became very angry and her behavior was erratic. She has had some breakdown in communication with the current placement.

On our de novo review, *see A.B.*, 843 N.W.2d at 773, we determine the juvenile court's findings are fully supported by the record. At the time of the

termination hearing—after more than a year of services—the mother had yet to address her mental-health and substance-abuse issues sufficiently to provide a safe, stable, and healthy home for her child. Any further extension of time to seek reunification is unwarranted here, and we reject the mother's claim she should have been granted more time.[4] There is clear and convincing evidence to support termination of the mother's parental rights pursuant to Iowa Code 232.116(1)(h).

We turn to whether termination is in the child's best interests. We are to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); accord J.E., 723 N.W.2d at 802 (Cady, J., concurring specially) (stating that a child's safety and the child's need for a permanent home are the "defining elements" in determining a child's best interests).

"It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." In re P.L., 778 N.W.2d 33, 41 (Iowa 2010). A.M. has waited much longer than the statutory period for the mother to address her substance-abuse

---

[4] As our supreme court has stated:
> The "legislature has established a limited time frame for parents to demonstrate their ability to be parents." In re J.E., 723 N.W.2d 793, 800 (Iowa 2006). The time frame is six months. See Iowa Code § 232.116(1)(h). "Children simply cannot wait for responsible parenting." In re C.K., 558 N.W.2d 170, 175 (Iowa 1997).

In re A.S., 906 N.W.2d 467, 474 (Iowa 2018).

and mental-health issues; she cannot wait any longer for a permanent home and responsible parenting. Termination and adoption are in the child's best interests.

The mother argues the court should grant a guardianship to the grandmother and then apply the exception to termination found in Iowa Code section 232.116(3)(a).[5] But, "a guardianship is not a legally preferable alternative to termination." *A.S.*, 906 N.W.2d at 477 (citation omitted). The impermanent nature of guardianships denies the child the security and stability that a permanent home provides. *See id.* at 477–78. The grandmother does not have legal custody; consequently, the exception does not apply. *See In re A.M.*, 843 N.W.2d 100, 104, 113 (Iowa 2014) (noting the exception does not apply where the child is placed with a relative but the department of health and human services has legal custody of the child). We affirm the termination of the mother's parental rights.

**AFFIRMED.**

---

[5] Allowing a court to avoid termination when "[a] relative has legal custody of the child."